IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE IGNACIO BARRIOS-LAINEZ, | |
| *Petitioner,* | |
| v. | CIVIL ACTION |
| WARDEN, PHILADELPHIA FEDERAL DETENTION CENTER, et al., | NO. 26-4849 |
| *Respondents.* | |

## ORDER

**AND NOW**, this 14th day of July, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 3), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1.  **Barrios-Lainez is not subject to mandatory detention under 8

    U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to

    the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]    In 2020, Jose Ignacio Barrios-Lainez entered the United States at the border with Mexico. (Pet. ¶ 18, Dkt. No. 1.)  He moved to Abington, Pennsylvania where he lived for six years before DHS officials arrested and detained him.  (*Id.* ¶ 22.)  He is currently detained at the Philadelphia Federal Detention Center under § 1225(b)(2) without a bond hearing.  (*Id.* ¶¶ 23–24.)

Barrios-Lainez filed a *habeas* petition, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act and due process.  (*Id.* at 13–17.)  He seeks an order to release him, prevent the Government from transferring him outside the district, declare his continued detention unlawful, return any personal property to him, and award him costs and reasonable attorney fees.  (*Id.* at 17–19.)  The Government claims he is lawfully detained.  (Gov't Resp. in Opp'n at 1–3, Dkt. No. 3.)

The Court disagrees with the Government for the reasons stated in *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026).  Barrios-Lainez was already in the United States—not "seeking admission" as § 1225(b) requires—when immigration officials detained him.  Because the Government did so under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at *5.  Ordering a bond hearing is more appropriate than releasing Barrios-Lainez, and the Court need not address his due process or APA claims.  *See Montano-Gordillo v. Jamison*, No. 26-3030, 2026 WL 1949503, at *2–3 & n.1 (E.D. Pa. July 6, 2026).

2. **On or before July 21, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Barrios-Lainez with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3. Should the immigration judge deny bond, Barrios-Lainez may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.